UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE CONIGLIO,

  Plaintiff,

-vs-

CASE NO.: 8:16-cv-00044-SDM-TBM

iQUAL CORPORATION, and
NATIONSTAR MORTGAGE LLC,
a foreign limited liability company,

  Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOYCE CONIGLIO, sues the Defendants, iQUAL CORPORATION, and NATIONSTAR MORTGAGE LLC and alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action for money damages in an amount that exceeds $15,000, exclusive of costs, interest, and attorneys' fees.

2. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendants in violation of 47 U.S.C. §227, *et seq.*, the Telephone Consumer Protection Act of 1991(hereafter "TCPA"), and the regulations applicable thereto, as set forth in 47 C.F.R. § 64.1200(hereafter the "Regulations"), in addition to recovery of attorneys' fees pursuant to section 501.059(10)(a), Florida Statutes.

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related claims.

4. The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

6. Plaintiff is the "called party" with respect to the calls placed to her cellular telephone number,(813) 244-1327, as further described herein. See In re Rules and Regulations Implementing the TCPA of 1991, Declaratory Ruling and Order, CG Docket No. 02–278, WC Docket No. 07–135, FCC 15–72, ¶ 73, 2015 WL 4387780 (July 10, 2015) ("2015 FCC Order").

7. At all times material hereto, Defendant iQUAL CORPORATION, (hereafter "iQUAL") is and was foreign corporation organized under the laws of the State of California with its principal place of business located in Rancho Cucamonga, California.

8. At all times material hereto, Defendant iQUAL purported to operate as a "credit counseling service," offering credit advisory services such as credit management.

9. At all times material, Defendant NATIONSTAR was and is a foreign limited liability company, with its principal place of business at 8950 Cypress Waters Boulevard, Coppell, TX 75019, doing business in Florida through its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

10. Defendants iQUAL and NATIONSTAR are not a tax exempt nonprofit organizations.

11. At all times material hereto, Defendant iQUAL was and is a contracted agent of Defendant NATIONSTAR, in which capacity iQUAL engages in the business of marketing,

solicitation, and sale of credit counseling services on behalf of Defendant NATIONSTAR in exchange for compensation from Defendant NATIONSTAR in the form of commission or direct payment. Defendant iQUAL's marketing and solicitation of credit counseling services products such as "ApprovalGUARD," on behalf of NATIONSTAR includes the voluminous placement of outbound solicitation calls to residents of Florida using an automated telephone dialing system and/or prerecorded message.

12. Accordingly, Defendant NATIONSTAR is a "seller" as that term is defined by 47 C.F.R. § 64.1200(f)(9).

13. Moreover, in retaining iQUAL to market, solicit and sell credit counseling services on its behalf, Defendant NATIONSTAR manifested assent that Defendant iQUAL would act as on its behalf as its agent subject to its control, and Defendant iQUAL manifested assent or otherwise consented so to act.

14. In or about October of 2014, Plaintiff began receiving telephone calls from Defendant iQUAL on her cellular telephone number, (813) 244-1327, and on her residential telephone number, (813) 874-7568.

15. In placing the calls, Defendant iQUAL's messages and representatives delivered a scripted statement stating that the calls were "from the ApprovalGUARD service on behalf of NATIONSTAR mortgage."

16. NATIONSTAR exercised control over iQUAL by exercising its right to approve the scripts used by iQUAL to make the telephone solicitation calls at issue.

17. Moreover, in connection with the solicitation campaign described herein, NATIONSTAR authorized iQUAL to use NATIONSTAR's name rather than its own during the telephone solicitation calls at issue, and authorized iQUAL to send letters advertising the

ApprovalGuard service, using NATIONSTAR's name and logo, and which purport to be sent by NATIONSTAR, when in fact they are sent by iQUAL.

18. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (813) 244-1327, and was the called party and recipient of Defendant iQUAL's telephone solicitation calls.

19. The telephone calls at issue were placed by Defendant iQUAL using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

20. That Defendant iQUAL used an "automatic telephone dialing system" to place the calls at issue is evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a brief period of unnatural silence and/or an audible click/beep prior to a live representative joining the line. These are telltale signs of a "predictive dialer" and/or an automated telephone dialing system.

21. Furthermore, iQUAL initiated several of the calls at issue using a prerecorded or artificial voice message, as evidenced by the fact that each of the prerecorded messages involved the same voice and delivered the same scripted message.

22. Defendant iQUAL initiated each of the phone calls at issue to Plaintiff for the purpose of encouraging the procurement of credit counseling services and/or products such as "ApprovalGUARD" by the Plaintiff for the financial benefit of Defendant iQUAL and Defendant NATIONSTAR. Accordingly, the calls constituted "telephone solicitation" as defined by the TCPA and its Rules and Regulations, 47 U.S.C. §227(a)(4) and 47 C.F.R. § 64.1200(f)(14).

23. In placing the above described telephone solicitation calls to Plaintiff, Defendant iQUAL acted as a "telemarketer" and engaged in "telemarketing" as defined by the applicable Rules and Regulations, 47 C.F.R. § 64.1200(f)(11)-(12).

24. Defendant iQUAL placed in excess of sixty (60) total autodialed telephone solicitation calls to Plaintiff's aforementioned cellular and residential telephone numbers during the period beginning on about October 20, 2014 through May of 2015 (or such number as will be identified during discovery).

25. Moreover, Defendant's intrusive and harassing telephone solicitation campaign involved the placement of the above described telemarketing calls to Plaintiff's cellular telephone number and residential telephone number and leaving of voice messages, including prerecorded or artificial voice messages, on Plaintiff's cellular and residential voice mail systems, as described above.

26. Defendant iQUAL's intrusive pattern of placing the autodialed and/or prerecorded telephone solicitation calls at issue often involved initiating such calls on back to back or multiple consecutive days, and sometimes up to four times per day, and constituted an invasion of Plaintiff's privacy.

27. Subsequent to Defendant iQUAL's initiation of the telephone solicitation campaign described herein, Plaintiff spoke with a representative of iQUAL and demanded that Defendant cease placing any further calls to the Plainitff. However, despite Plaintiff's unequivocal demand that iQUAL discontinue calling, Defendnt iQUAL disregarded Plaintiff's request and continued initiating the intrusive telephone solicitation calls at issue to Plaintiff's cellular telephone and residential telephone numbers.

28. Defendant iQUAL has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to encourage the procurement of consumer credit counseling services and products such as "ApprovalGUARD" to individuals such as Plaintiff for its financial benefit and the benefit of Defendant NATIONSTAR.

29. Defendant iQUAL willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

30. Defendant iQUAL followed its corporate policy when attempting to communicate with the Plaintiff.

31. Defendant iQUAL has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

32. Defendant iQUAL knowingly employed methods and/or has a corporate policy designed to harass individuals and invade upon their privacy, and has set up its autodialer in a manner which makes it virtually impossible for the automated calls to stop.

33. Defendant NATIONSTAR knowingly accepted financial benefits in connection Defendant iQUAL's practice of initiating telephone solicitation calls encouraging the procurement of consumer credit counseling products and services such as "ApprovalGUARD."

34. Defendant NATIONSTAR had knowledge that iQUAL utilized an automatic telephone dialing system and/or a prerecorded or artificial voice message in connection with its telephone solicitation efforts.

35. By knowingly accepting financial compensation in connection with iQUAL's initiation of telephone solicitation calls, with knowledge that iQUAL initiated its telephone

solicitation calls using an autodialer and/or prerecorded or artificial voice message, NATIONSTAR ratified iQUAL's aforementioned conduct.

## COUNT I - VIOLATION OF THE TCPA AGAINST iQUAL

36. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (35), as if fully set forth herein.

37. None of the calls at issue were placed by Defendant iQUAL to Plaintiff's cellular telephone number with the "prior express written consent" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(2), and defined by 47 U.S.C. § 64.1200(f)(8).

38. Furthermore, none of the calls at issue were placed by Defendant iQUAL to Plaintiff for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

39. Defendant iQUAL willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing telephone solicitation calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, and after Plaintiff requested that iQUAL cease calling, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 64.1200(a)(1) - (3).

40. Defendant iQUAL willfully and/or knowingly violated the TCPA with respect to Plaintiff by initiating in excess of sixty (60) telephone solicitation calls within a 12-month period to Plaintiff's aforementioned cellular telephone and residential telephone numbers using an automated telephone dialing system and/or prerecorded or artificial voice message without

Plaintiff's prior express written consent, in violation of the TCPA's Regulations, 47 U.S.C. § 64.1200(a)(2) and (3).

41.     Defendant iQUAL willfully and/or knowingly violated the TCPA with respect to Plaintiff by leaving artificial or prerecorded voice messages on Plaintiff's voice mail which failed to disclose the name under which it is registered to conduct business with the Florida Department of State or other State Corporation Commission, in violation of 47 C.F.R. § 64.1200(b)(1).

42.     The TCPA provides Plaintiff with a private right of action against Defendant iQUAL for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3) and 47 U.S.C. § 227(c)(5), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant iQUAL for statutory damages, actual damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II - VIOLATION OF THE TCPA AGAINST NATIONSTAR

43.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (35), and (36) through (41), as if fully set forth herein. Plaintiff further incorporates each allegation of Count I, above, as if fully set forth herein.

44.     Defendant iQUAL operated as Defendant NATIONSTAR's agent, as described herein, in connection with Defendant iQUAL's placement of the above described telephone solicitation calls at issue to Plaintiff's cellular telephone and residential telephone numbers, in violation of the TCPA and its Regulations.

45.     Accordingly, Defendant NATIONSTAR is vicariously liable for Defendant iQUAL'S violations of the TCPA and its Regulations, as described herein. See In re Joint Petition

Filed by Dish Network, LLC, 28 F.C.C.R. 6574, 28 FCC Rcd. 6574, 58 Communications Reg. (P&F) 355.

46. The TCPA provides Plaintiff with a private right of action against Defendant NATIONSTAR for its violations of the TCPA, by and through Defendant iQUAL, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3) and 47 U.S.C. § 227(c)(5), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant NATIONSTAR for statutory damages, actual damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT III – ATTORNEYS' FEE DEMAND
## PURSUANT TO SECTION 501.059, FLORIDA STATUTES

47. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (25), as if fully set forth herein. Plaintiff further incorporates each allegation of Counts I and II as if fully set forth herein.

48. Plaintiff is a "consumer" as that term is defined by section 501.059(1)(e), Florida Statutes.

49. Defendant iQUAL is a "telephone solicitor" as that term is defined under section 501.059(1)(d), Florida Statutes.

50. The phone calls placed by Defendant iQUAL to Plaintiff's cellular telephone number, as described herein, were "telephonic sales calls" as defined by section 501.059(1)(a), Florida Statutes.

51. The conduct giving rise to Plaintiff's claims against Defendants for violation of the TCPA, as set forth in Counts I and II, also violated numerous analogous provisions of section 501.059, Florida Statutes, including but not limited to, the following:

a. The above described calls placed by Defendant iQUAL to Plaintiff's cellular telephone number were not made in response to an express request of Plaintiff or in connection with an existing debt or contract. Furthermore, Defendant iQUAL did not at any material time hereto have a prior or existing business relationship with Plaintiff. Accordingly, the phone calls placed by Defendant IQUAL to Plaintiff's cellular telephone number, as described herein, were "unsolicited telephonic sales calls" as defined by section 501.059(1)(c), Florida Statutes.

b. Defendant iQUAL willfully and/or knowingly violated section 501.059(2), Florida Statutes, by repeatedly placing unsolicited telephonic sales call to Plaintiff's cellular telephone number that failed to disclose Defendant's identity as required under Florida law.

c. Defendant iQUAL willfully and/or knowingly violated section 501.059(8)(a), Florida Statutes, by repeatedly placing telephonic sales calls to Plaintiff's cellular telephone number using an automated telephone dialing system when the connection to Plaintiff's cellular telephone number was completed.

52. Section 501.059(10)(a) provides that the prevailing party in any civil litigation resulting from a transaction involving a violation of section 501.059, Florida Statutes, is entitled to recover her reasonable attorneys' fees and costs.

53. Counts I and II of this Complaint alleging violations of the TCPA by Defendants iQUAL and NATIONSTAR, as incorporated herein, constitute "civil litigation resulting from a transaction involving" conduct that violates section 501.059, Florida Statutes, as set forth above.

54. Plaintiff has been required to retain the services of the undersigned attorneys and has agreed to pay them a reasonable fee.

WHEREFORE, Plaintiff demands judgment against Defendants iQUAL and NATIONSTAR for attorneys' fees and costs, and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
D.Mitchell@maneygordon.com
V.Marrero@maneygordon.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of February, 2016, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send a notice of electronic filings via the Court's ECF system to all CM/ECF participants.

*/s/David P. Mitchell*
David P. Mitchell, Esq.

.